**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:13-CR-6** |
| **v.** § | |
| § | |
| § | |
| **DONALD ARTHUR VAUGHN** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 15, 2021, alleging that the Defendant, Donald William Vaughn, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Vaughn was sentenced on February 4, 2014 before The Honorable Marcia A. Crone of the Eastern District of Texas, after pleading guilty to the offense of Count 1: Bank Fraud, a Class B felony, and Count 10: Aggravated Identity Theft, a Class E felony. Count 1 carried a statutory maximum imprisonment term of 30 years and Count 10 carried a statutory maximum imprisonment term of 2 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of VI, was Count 1: 70-87 months and Count 10: 2 years. Vaughn was subsequently sentenced to a total of 94 months imprisonment, consisting of 70 months imprisonment as to Count 1, and 24 months imprisonment as to Count 10, to be served

consecutively, followed by a 5-year term of supervised release in Count 1 and 1-year term of supervised release in Count 10. The terms of supervised release were ordered to run concurrently, subject to the standard conditions of release plus special conditions to include financial disclosure; credit, gambling, employment, and banking restrictions; drug after care and testing; mental health aftercare; $200.00 special assessment; and $12,985.59 restitution.

## II. The Period of Supervision

On August 27, 2019, Vaughn completed the period of imprisonment and began service of the initial term of supervised release. On November 26, 2019, the Court modified the conditions of supervision to include 180 days in a residential reentry center. On May 15, 2020, the terms of supervised release were revoked, and Vaughn was sentenced to 16 of months imprisonment as to Count 1 and 8 months imprisonment on Count 10, to run concurrently; followed by a 36-month term of supervised release in Count 1 and 4 months supervised release for Count 10. The terms of supervised release were ordered to run concurrently, subject to the standard conditions of supervision plus special conditions to include financial disclosure; credit and gambling restrictions; substance abuse treatment; 180 days in a residential reentry center; and all of the terms and conditions regarding payment of criminal monetary penalties established by the original judgment. On April 2, 2021, Vaughn completed the period of imprisonment and began service of the instant term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Vaughn violated the following conditions of release:

> Allegation 1. The defendant must refrain from any unlawful use of a controlled substance.

<u>Allegation 2.</u> That the defendant must make restitution in accordance with 18 USC 3663 and 3663A or any other statute authorizing a sentence of restitution.

<u>Allegation 3.</u> The defendant shall participate in a program of testing and treatment for drug abuse and follow the rule and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise participation in the program. Defendant must pay any cost associated with treatment and testing.

<u>Allegation 4.</u> After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about and how to report to the probation officer, and he must report to the probation officer as instructed.

## IV.  Proceedings

On November 2, 2021, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he failed to refrain from any unlawful use of a controlled substance. In return, the parties agreed that he should serve a term of 21 months' imprisonment on Count One and 8 months' imprisonment on Count Eight to run concurrently, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal

Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction in Count 1 was a Class B felony; therefore, the maximum imprisonment sentence is 3 years. The original offense of conviction in Count 10 was a Class E felony; therefore, the maximum imprisonment sentence is 1 year. The imprisonment sentences may be ordered to run consecutively or concurrently.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from the use of a controlled substance, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade B violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) indicates that the applicable revocation imprisonment range, based on a Grade B violation and a criminal history category of VI, is 21 to 27 months, which is applicable in Count 1. However, the maximum imprisonment sentence in Count 10 is 1 year; therefore, the revocation imprisonment range in Count 10 is 12 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. Vaughn has a restitution balance of $2,054.18.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from the unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 21 to 27 months, which is applicable in Count 1. However, the maximum imprisonment sentence in Count 10 is 1 year; therefore, the revocation imprisonment range in Count 10 is 12 months.. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of 21 months' imprisonment on Count One and 8 months' imprisonment on Count Eight to run concurrently, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from the unlawful use of controlled substance. The petition should be granted and the Defendant's supervised release

should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of a term of 21 months' imprisonment on Count One and 8 months' imprisonment on Count Eight to run concurrently, with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Bastrop, Texas. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 4th day of November, 2021.

_____
Zack Hawthorn
United States Magistrate Judge